**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

NORMAN BUDD,

        Plaintiff,

v.

OSCAR AVILES,

        Defendant.

Civ. Action No. 23-3328 (JXN)(AME)

**OPINION**

**NEALS**, District Judge

    Before the Court is *pro se* Plaintiff Norman Budd's ("Plaintiff's") complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) (the "Complaint"), as well as Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) (the "IFP Application"). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, the Court carefully reviewed the Complaint to determine whether it should be dismissed as frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, the Complaint is **DISMISSED** *without prejudice* for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days to file an amended complaint. In addition, Plaintiff's IFP Application is **GRANTED**, and the Clerk of Court is directed to file the Complaint.

**I.**     **BACKGROUND**[1]

    On or about June 9, 2023, Plaintiff, a pre-trial detainee confined in Hudson County Correctional Center ("HCCC") in Kearney, New Jersey, filed the Complaint alleging a civil rights

---

[1] The Court assumes as true the factual allegations of the Complaint for the purposes of this screening only.

claim against HCCC's Director Oscar Aviles (the "Defendant"). *See, gen.* Compl; (ECF No. 1-2 ("Plaintiff's Letter")). Upon review, the Complaint appears to raise an Eighth Amendment conditions of confinement claim. *See* Compl. ¶ 7; Pl.'s Letter. The Complaint alleges in pertinent part that while the "State of New Jersey had strict restrictions and mandates in place" to prevent the spread of COVID-19, Defendant set COVID-19 protocol(s) for the health and safety of incarcerated persons like Plaintiff, at HCCC. Pl.'s Letter, at 1. And, as a result, Plaintiff's conditions of confinement were purportedly under Defendant's purview.

## II.    STANDARD OF REVIEW

In accordance with §§ 1915(e)(2)(B), 1915A(a), District Courts review complaints in civil actions wherein a plaintiff is proceeding *in forma pauperis* or "seeks redress against a governmental employee or entity." To that end, District Courts may *sua sponte* dismiss a claim that: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)" or § 1915A "is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss "only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff," the court finds that the plaintiff "is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citations omitted).

To "survive" a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted). This is also true of complaints

filed by *pro se* litigants.  *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.") (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (citation omitted).

**III.     DISCUSSION**

In the Complaint, Plaintiff alleges that Defendant is liable under § 1983 because he failed to follow the State of New Jersey's directives regarding COVID-19.  *See, gen.,* Compl.  The Court disagrees.

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law."  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (citation omitted).  "A defendant in a civil rights action must [also] have personal involvement in the alleged wrongs;" because "liability cannot be predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

As an initial matter, the Complaint fails to set forth allegations specific to Defendant.  Instead, Plaintiff alleges in conclusory fashion that Defendant was in control of setting the health and safety standards during the COVID-19 pandemic (*see* Compl. at 4(b)) and, therefore, is liable under § 1983.  The Complaint also alleges that Defendant "was at the top tier of management for the facility . . . ." *Ibid.*  Though unclear, the Complaint appears to assert a claim against Defendant based on *respondeat superior*, which requires allegations that are lacking.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1)

3

the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citation omitted).  "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207 (citations omitted).

In *Hope v. Warden York County Prison*, the Third Circuit Court of Appeals addressed Covid-19 policies and/or practices in the prison or detention setting that are pertinent here.  972 F.3d 310 (3d Cir. 2020).  There, the Court explained that when evaluating a detention facility's practices, courts "must acknowledge that [the] practical considerations of detention justify limitations on many privileges and rights," and, thus, must "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response . . . ." *Id.* at 326.

Here, Plaintiff does not allege that Defendant failed to personally employ a specific policy related to COVID-19 that would trigger a § 1983 violation.  Rather, Plaintiff vaguely claims that Defendant oversaw the setting of HCCC's COVID-19 protocols and nothing more.  The Complaint also does not identify the alleged policy that purportedly was in place to prevent the spread of COVID-19, and/or how that policy was deficient.  Moreover, the Complaint neither alleges Defendant was aware of the unidentified policy that created an unreasonable risk of a constitutional injury, nor that Defendant was indifferent to said risk.  Finally, the Complaint does not allege that Defendant participated in any decision specific to Plaintiff's conditions of confinement at HCCC.  Thus, the Complaint fails to allege a § 1983 claim as to Defendant.  Accordingly, the Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED** *without prejudice*. Plaintiff shall have thirty (30) days to file an amended complaint to cure the deficiencies discussed herein. Plaintiff's IFP Application is **GRANTED**, and the Clerk of Court is directed to file the Complaint.

An appropriate Order accompanies this Opinion.

DATED: 8/18/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge